FILED
CLERK

5/21/2013 11:13 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------
WEGO CHEMICAL & MINERAL CORP.,       MEMORANDUM & ORDER
                                               12-CV-04804 (ADS)(GRB)

                 Plaintiff,

                 -against-

MAGNABLEND INC.,

                 Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Steinberg, Fineo, Berger & Fischoff, P.C.**
40 Crossways Park Drive
Woodbury, NY 11797
*Attorneys for the Plaintiff*
    By: Laurie Sayevich Horz, Esq., Of Counsel

**Orrick, Herrington & Sutcliffe**
51 West 52nd Street
New York, NY 10019-6142
*Attorneys for the Defendant*
    By: Elyse D. Echtman, Esq.
         Igor Margulyan, Esq., Of Counsel


**SPATT, District Judge.**

       On September 25, 2012, the Plaintiff Wego Chemical & Mineral Corp. ("the Plaintiff" or "Wego") commenced this action against the Defendant Magnablend Inc. ("the Defendant" or "Magnablend"), asserting a single cause of action for breach of contract. Presently before the Court is a motion by the Defendant to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12 for lack of personal jurisdiction, or, in the alternative, to transfer the action to the Northern District of Texas pursuant to the provisions of 28 U.S.C § 1404. For the following reasons, the motion to dismiss for lack of personal jurisdiction is

granted and therefore it is unnecessary to address Magnablend's alternative motion to transfer venue.

## I.  BACKGROUND

### A. <u>Factual Background</u>

The following facts are drawn from the Complaint and construed in a light most favorable to the Plaintiff.

Wego is a New York corporation with its principal place of business in New York. Wego engages in the import and distribution of a wide range of chemicals used in various industries. Magnablend is a Texas corporation with its principal place of business in Texas. Magnablend engages in custom blending, manufacturing, and packaging of custom and other chemical products.

On or about June 1, 2012, Magnablend executed a purchase order from Wego for 15 units of 40,000 pounds of "Non Guar Gum," known as Fast Hydration Guar Gum (the "Product"). The  unit price was $11.45 per pound, for a sum total of $6,870,000. Delivery was to take place on September 1, 2012. On or about the same date, Magnablend executed a second identical purchase order, for which delivery was to take place on October 1, 2012. Pursuant to the terms of the purchase orders, payment for the Product would occur as follows: 10% at the time of the purchase order, 10% at the time of shipment, and 80% at the time of delivery.

Wego accepted the purchase orders and issued invoices confirming the same to Magnablend, which Magnablend accepted. The parties subsequently agreed to reduce the unit price for both purchase orders from $11.45 per pound to $9.20 per pound, and Magnablend issued revised purchase orders to that effect. Wego then issued invoices to Magnablend

confirming the new price, which Magnablend accepted, crediting Magnablend for the 10% down payment made on the original purchase orders.

In reliance on Magnablend's 10% down payment, Wego committed to purchase from a third-party supplier the Product in the quantity requested by Magnablend in advance of the delivery dates set forth in the purchase orders. However, in or about September 2012, Wego alleges that Magnablend advised Wego that it was cancelling the purchase orders and would not pay for or accept shipment of the Product. As a result, Wego claims, Magnablend owes Wego a total balance of $9,666,000.

### B. Procedural History

As stated above, on September 25, 2012, Wego commenced the instant action, asserting a single cause of action for breach of contract. Magnablend moved, pursuant to Fed. R. Civ. P. (12)(b)(2), to dismiss the action for lack of personal jurisdiction or, in the alternative, to transfer the action to the Northern District of Texas pursuant to 28 U.S.C § 1404. Wego opposes the motion to dismiss, and, in the alternative, seeks permission to conduct limited jurisdictional discovery.

## II.   DISCUSSION

### A. Legal Standard for Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating that the Court has jurisdiction over the defendant. See Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001); Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999) (citing Metropolitan Life Ins. Co. v. Robertson–Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996)). Where,

as here, the parties have not yet conducted discovery, the plaintiff may defeat such a motion by making a *prima facie* showing of jurisdiction by way of the complaint's allegations, affidavits, and other supporting evidence. Bank Brussels Lambert, 171 F.3d at 784; Kernan v. KurzHastings, Inc., 175 F.3d 236, 240 (2d Cir.1999). Furthermore, materials presented by the plaintiff should be construed in the light most favorable to the plaintiff and all doubts should be resolved in its favor. See A.I. Trade Fin., Inc. v. Petra Bank, 989 F. 2d 76, 79 – 80 (2d Cir. 1993).

Personal jurisdiction over a non-resident defendant in a federal diversity action is determined by the law of the forum state. See Whitaker, 261 F.3d at 208. Therefore, this Court must look to New York's personal jurisdiction statutes, namely the New York Civil Practice Law and Rules ("CPLR") Sections 301 and 302, to determine whether the Plaintiff has made a *prima facie* showing of personal jurisdiction over the out-of-state defendant - here, Magnablend. Then, if jurisdiction is found, the Court must determine whether the exercise of such jurisdiction under state law satisfies the federal due process requirements of "fair play and substantial justice." Burger King Corp., v. Rudzewicz, 471 U.S. 462, 477, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quoting In''l Shoe Co. v. Wash., 326 U.S. 310, 320, 66 S.Ct. 154, 90 L. Ed. 95 (1945)); see also Bank Brussels Lambert ,171 F.3d at 784.

Although Wego does not specify any personal jurisdictional theory in the complaint, in its opposition to the instant motion, Wego claims that Magnablend is subject to the personal jurisdiction of this Court pursuant to CPLR Sections 301 and 302. Relevant here, personal jurisdiction in New York under CPLR § 301 allows for "general" jurisdiction predicated on a continuous or systematic course of doing business, see JW Oilfield Equip, LLC v. Commerzbank, AG, 764 F. Supp. 2d 587, 592 (S.D.N.Y. 2011). CPLR § 302 allows for specific

4

jurisdiction over non-domiciliaries where, in relevant part, the entity "transacts any business within the state or contracts anywhere to supply goods or services in the state," and the "cause of action aris[es] from" those actions. See Erickson Prods., Inc. v. Atherton Trust, No. 12 Civ. 1693, 2013 WL 1163346, at *3 (S.D.N.Y. Mar. 20, 2013) (finding that in order to establish jurisdiction under CPLR § 302(a) "a plaintiff must show that defendant purposefully availed himself of the privilege of doing business in the forum state such that the defendant could foresee being brought into court there; and (2) plaintiff's claim arises out of or is related to the defendant's contacts with the forum state." ) (quoting Aqua Prods., Inc. v. Smartpool, Inc., No. 04 Civ. 5492, 2005 WL 1994013, at *5 (S.D.N.Y. Aug. 18, 2005). The Court will now examine whether personal jurisdiction exists over Magnablend under either CPLR § 301 or CPLR § 302 (a)(1).

### B. As to whether the Court has General Jurisdiction over Magnablend Pursuant to CPLR § 301

CPLR § 301 provides for jurisdiction over a defendant that is "engaged in such a continuous and systematic course of 'doing business in New York as to warrant a finding of its 'presence' in the state." Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184 (2d Cir. 1998) (internal quotation marks and citation omitted). "[A] corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000)(internal citation and quotation marks omitted). In determining whether a defendant is subject to general jurisdiction, New York courts look to a number of factors including: (1) "the existence of an office in New York"; (2) "the

solicitation of business in the state"; (3) "the presence of bank accounts and other property in the state"; and (4) "the presence of employees of the foreign defendant in the state." Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 58 (2d Cir. 1985).

Magnablend asserts that general personal jurisdiction does not exist under CPLR § 301 because it does not maintain an office in New York; does not conduct solicitations of business targeting New York consumers; does not maintain any bank accounts or other property in New York; does not have any employees or agents in New York; and does not have an on-going contractual relationship with a New York corporation. In the complaint and affidavit of its Product Manager in opposition to the motion to dismiss, Wego does not allege facts to the contrary. Accordingly, the Court finds that Magnablend is not subject to general jurisdiction in New York pursuant to CPLR 301 because there is no indication that it is engaged in a continuous or systematic course of doing business in this state.

### C. As to whether the Court has Specific Jurisdiction Pursuant to CPLR § 302(a)(1)

Next, Wego seeks to establish specific jurisdiction pursuant to the provisions of CPLR § 302 of New York's long-arm statute, which provides that:

> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

6

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
>
> 4. owns, uses or possesses any real property situated within the state.

N.Y. CPLR § 302(a) (McKinney 2010).

"To establish personal jurisdiction under Section 302(a)(1), two requirements must be met: (1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt. LLC, 450 F.3d 100, 103 (2d Cir. 2006).

As to the first prong, when considering whether a defendant "transacted business," New York courts rely on the constitutional standard set forth by the Supreme Court: "whether the defendant's conduct constitutes 'purposeful[ ] avail[ment]' 'of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. at 246–47 (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L .Ed. 2d 1283 (1958)) (alterations in original). In contrast to "doing business," "transacting business requires only a minimal quantity of activity, provided that it is of the right nature and quality." Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996).

To determine whether a party in a contract action has "transacted business" within the meaning of Section 302(a)(1), courts consider, among other things, the following factors: (1) whether the defendant has an on-going contractual relationship with a New York entity; (2) whether the contract was negotiated or executed in New York, and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (3) whether the contract is to be

7

performed in New York; (4) whether the contract requires notices and payments to be sent to New York; and (5) whether the contract contains a New York choice of law clause. See Sunward Elec., Inc. v. McDonald, 362 F.3d 17, 22–23 (2d Cir. 2004)(citing Agency Rent A Car, 98 F.3d at 29). No single factor is dispositive. Rather, a finding of personal jurisdiction must be based upon the totality of the circumstances. Agency Rent A Car, 98 F.3d at 29.

Applying those factors here, first, no indication exists that Magnablend has an ongoing-contractual relationship with a New York entity, aside from the alleged agreement at issue. See Fernando v. Fernando, No. 09–CV–1390, 2010 WL 3119729, at *7 (E.D.N.Y. Aug. 05, 2010) (oral contract where plaintiff agreed to pay $19,350 in exchange for the defendant arranging for immigration documents and benefits for the plaintiff's son constituted a one-time agreement and not an on-going contractual relationship); Mortg. Funding Corp. v. Boyer Lake Pointe, LC, 379 F. Supp. 2d 282, 287 (E.D.N.Y. 2005) (Spatt, J.) (finding that an alleged oral contract to serve as the broker on a mortgage refinancing did not establish an ongoing contractual relationship).

Turning to the second factor, namely whether the agreement was negotiated or executed in New York, assuming the purchase orders and/or invoices constituted a contract, or that some other agreement does in fact exist, Wego does not allege that any issue was negotiated or any agreement was executed in New York. Moreover, there is no allegation that any representative of Magnablend ever traveled to New York during the negotiation or formation of the alleged agreement. "[C]ourts seem generally loath to uphold jurisdiction under the 'transaction in New York' prong of CPLR 302 if the contract at issue was negotiated solely by mail, telephone, and fax without any New York presence by the defendant." Worldwide Futgol Assoc., Inc. v. Event Entm't, Inc., 983 F. Supp. 173, 177 (E.D.N.Y. 1997) (quoting Vincent C. Alexander, 1996

Supplemental Practice Commentary to Section 302, at C302:10); United Computer Capital Corp. v. Secure Prods., L.P., 218 F. Supp. 2d 273, 278 (N.D.N.Y. 2002).

Although telephone communications between parties may, in a few instances, suffice as "transacting business," in such a scenario, the defendant must "actively 'project' itself" into New York, thereby availing itself of the business privileges and protections of the state. Worldwide Futgol, 983 F. Supp. at 177 (citing Parke-Bernet Galleries, Inc., v. Franklyn, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970)). Indeed, aside from the electronic communications, Wego makes no assertion that Magnablend initiated the business relationship between the parties nor "actively project[ed]" itself into New York in any other way. See Berkshire Capital Group, LLC v. Palmet Ventures, LLC, 307 F App'x. 479 (2d Cir. 2008) (finding negotiation of an agreement by telephone calls and e-mails from Illinois to New York insufficient to establish personal jurisdiction over defendant in New York); Fiedler v. First City National Bank of Houston, 807 F. 2d 315 (2d Cir. 1986) (finding no personal jurisdiction over defendant bank that made two telephone calls and a mailing to New York plaintiffs); Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 766 (2d Cir. 1983) ("New York courts have consistently refused to sustain § 302(a)(1) jurisdiction solely on the basis of defendant's communication from another locale with a party in New York."); C.B.C. Wood Products, Inc. v. LMD Integrated Logistics Services, Inc., 455 F. Supp. 2d at 225 (E.D.N.Y. 2006) (finding no personal jurisdiction over defendant where the contract was executed outside of New York and defendant never visited New York).

The remaining factors can be resolved quickly. As to the third factor, no performance was to be provided in New York. Rather, the Product was to be delivered directly from India to a warehouse in Texas. As to the fourth factor, no notice or payments were to be sent to New

9

York; Magnablend wired the ten percent down payment to Wego's Chicago bank account. Cf. ADP Investor Commc'n Servs., Inc. v. In House Attorney Servs., Inc., 390 F. Supp. 2d 212, 220, 221 (E.D.N.Y. 2005) (finding personal jurisdiction over defendant under CPLR 302 (a)(1) in part because substantial performance of the contract occurred in New York).

As to the fifth and final factor, although Wego attempted to have Magnablend sign a written "Agreement" that would, among other things, provide for jurisdiction in New York over "any matter arising under" the purchase orders and render the transaction governed by New York Law, Magnablend refused to assent to the Agreement (See Barnish Decl., Exh 3.). Thus, the factual allegations regarding possible personal jurisdiction in New York over Magnablend, even construed in a light most favorable to Wego, do not cut in Wego's favor.

To be sure, a single transaction may suffice for personal jurisdiction under § 302(a)(1). Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 787 (2d Cir. 1999); Deutsche Bank Sec., Inc. v. Montana Bd. of Invs., 21 A.D.3d 90, 93–94, 797 N.Y.S.2d 439, 442 (1st Dept 2005) (quoting Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 522 N.E.2d 40 (1988)) (stating that Section 302(a)(1) "is a single act statute and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York as long as the requisite purposeful activities and the connection between the activities and the transaction are shown."). Moreover, physical presence of the defendant in New York is no longer dispositive. Agency Rent A Car Sys., 98 F.3d at 30 ("Indeed, we question whether, in an age of e-mail and teleconferencing, the absence of actual personal visits to the forum is any longer of critical consequence."). However, the only allegations that Wego has proffered to support jurisdiction is that the Magnablend made telephone calls and sent emails directed to Wego in New York. The precedents cited above determine that the acts are

10

insufficient.  Thus, because Wego has failed to establish even a *prima facie* case regarding any of the five factors, there is no basis for an exercise of personal jurisdiction pursuant to the "transacting business" prong of Section 302(a)(1).

### D. As to Whether Exercising Personal Jurisdiction over Magnablend would Comport with Due Process

However, even assuming Magnablend had the requisite minimum contacts with New York, in the Court's view, exercise of personal jurisdiction over Magnablend would not comport with due process.  As the Second Circuit has explained:

> "Due process permits a court to exercise personal jurisdiction over a non-resident where the maintenance of the suit would not offend traditional notions of fair play and substantial justice. To determine whether this is so, we apply a two-step analysis in any given personal jurisdiction case. First, we ask whether the defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction. . . . If the defendant has sufficient minimum contacts, we proceed to the second stage of the due process inquiry, and consider whether the assertion of personal jurisdiction is reasonable under the circumstances of the particular case."

Porina v. Marward Shipping Co., Ltd., 521 F.3d 122, 127 (2d Cir.2008) (quotation marks and internal citations omitted).  These requirements interact: "the weaker the plaintiff's showing [on minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction." Tymoshenko v. Firtash, No. 11 Civ. 2794, 2013 WL 1234943, at *3 (S.D.N.Y. Mar. 27, 2013) (internal quotation marks and citations omitted).  Factors relevant to a reasonableness determination include:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

11

Del Monte Fresh Produce N.A., Inc. v. M/V AFRICA REEFER, No. 12 Civ. 3597, 2013 WL 1129998, at *5 (S.D.N.Y. Mar. 19, 2013) (quotation marks and citations omitted). It is true that Wego has an interest in obtaining relief in New York, its state of incorporation and principal place of business. Also, New York has an interest in providing a forum for Wego to redress its grievances in this case. Furthermore, dismissal of this case would likely compel Wego to commence this case in Texas. However, "[w]hile it may be more convenient for Plaintiff . . . to litigate this case in New York, that consideration is far from sufficient to tip the scales." (Eternal Asia Supply Chain Mgmt. (USA) Corp. v. Chen, 12 CIV. 6390 JPO, 2013 WL 1775440 at *10 (S.D.N.Y. Apr. 25, 2013). As noted above, the reasonable analysis operates on a sliding scale with contacts so that, in this case, Magnablend's limited contacts with New York lessens its burden with regard to proving unreasonableness. Given that Magnablend has no apparent connection to New York other than the handful of electronic communications described above, in the Court's view, the Due Process Clause of the Constitution prohibits the exercise of personal jurisdiction over Magnablend in this case.

### E. As to Whether Wego is Entitled to Jurisdictional Discovery

Alternatively, Wego requests limited jurisdictional discovery with respect to personal jurisdiction. However, when a plaintiff has not even made a *prima facie* showing of personal jurisdiction, it is "well within" a court's discretion to deny jurisdictional discovery. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 255 (2d Cir.2007); see Yash Raj Films (USA) Inc. v. Dishant.com LLC, No. 08 Civ. 2715, 2009 WL 4891764 at 11 (E.D.N.Y. Dec. 15, 2009) (denying plaintiff's request for jurisdictional discovery as it would not cure the fatal deficiencies in plaintiff's jurisdictional pleading). The Plaintiff "must, at the very least, assert factual allegations to support personal jurisdiction through the pleadings and affidavits submitted

12

by the parties. Here, however, no such factual allegation [with respect to the requirements of subparagraph (a)(3) ] is even asserted in the Complaint, much less supported by [the] Plaintiff[ ] in [its] submissions before the Court in connection with the instant motion. Rather, [the] Plaintiff[ ] make[s] a generalized request to conduct discovery that is more akin to a 'fishing expedition.'" Maldonado v. Rogers, 99 F. Supp. 2d 235, 240 (N.D.N.Y. 2000); see Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715, 102 S. Ct. 2099, 72 L. Ed.2d 492 (1982) (Powell, J.) (concurring opinion) ("A plaintiff is not entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction.").

As Wego has failed to make even a "sufficient start" to demonstrate jurisdiction over Magnablend, it is not entitled to discovery on the issue. Moreover, as for Wego's contention that Magnablend has recently been acquired by another entity with the assistance of a New York based investment bank, for the reported sum of $500 million dollars, it is well-settled that "[t]he Court does not look to whether the defendant had minimum contacts with the state at the time of the act complained of; rather, the Court looks to whether it could assert personal jurisdiction over the defendant at the time jurisdiction is sought to be asserted." Brandir International, Inc. v. Cascade Pacific Lumber Co., C.A. No. 84 (S.D.N.Y. July 14, 1988).

### F. As to the Motion for Change of Venue

In light of the Court's ruling on the personal jurisdiction issue, it is unnecessary to rule on Magnablend's alternative motion to transfer venue to the Northern District of Texas. The Court notes, however, that Magnablend devotes only a single paragraph of its memorandum in support of its alternative motion to transfer venue and fails to cite a single case or factor that would weigh in favor of transferring venue.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED,** that Magnablend's motion to dismiss for lack of personal jurisdiction is granted and the complaint is dismissed in its entirety without prejudice.

**ORDERED,** that the Clerk is directed to mark this case as closed.

SO ORDERED.
Dated: Central Islip, New York
May 21, 2013

                                               */s/Arthur D. Spatt*
                                                  ARTHUR D. SPATT
                                            United States District Judge